FILED

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA, TAMPA DIVISION JUL 30 AM 10: 36

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **Kimberly Nguyen**, on her own behalf and on behalf of all similarly situated individuals,<br><br>     Plaintiff,<br><br>v.<br><br>**Our Children's Rehab Center, Inc.**, a Florida non-profit corporation, **Greater Polk County Rehab Services, Inc.**, a Florida corporation **Heike Reeves**, individually, and **Sharon McManus Comkowycz**, individually,<br><br>     Defendants | Civil Action<br><br>Case No: 8:14 CV 1836 T 30 EAJ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Kimberly Nguyen** ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, sues Defendants **Our Children's Rehab Center, Inc.**, a Florida non-profit corporation ("OCRC"), **Greater Polk County Rehab Services, Inc.**, a Florida (for-profit) corporation ("GPCRS"), **Heike Reeves**, and **Sharon McManus Comkowycz**, and states as follows:

### JURISDICTION

1. Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act.

### PARTIES

2. At all material times, Defendant OCRC was a Florida non-profit corporation with its principal place of business in Polk County, Florida.

1

TPA-24872
$400

3.     At all material times, Defendant OCRC was a provider of therapy and rehabilitation services.

4.     At all material times, Defendant OCRC was an "employer" as defined by the FLSA.

5.     At all material times, Defendant OCRC was "engaged in commerce" as defined by the FLSA.

6.     At all material times, Defendant GPCRS was a Florida (for-profit) corporation with its principal place of business in Polk County, Florida.

7.     At all material times, Defendant GPCRS was a provider of therapy and rehabilitation services.

8.     At all material times, Defendant GPCRS was an "employer" as defined by the FLSA.

9.     At all material times, Defendant GPCRS was "engaged in commerce" as defined by the FLSA.

10.    At all material times, Defendants OCRC and GPCRS were engaged in unified operation or common control for a common business purpose.

11.    At all material times, Defendants OCRC and GPCRS were operated as an "enterprise" as defined by the FLSA.

12.    At all material times, Defendant Reeves was, and continues to be, a resident of Polk County, Florida.

13.    During the time period at issue in this lawsuit, Defendant Reeves had operational control of OCRC's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

14.    At all material times, Defendant Reeves was an "employer" as defined by the FLSA.

2

15.    At all material times, Defendant Comkowycz was, and continues to be, a resident of Polk County, Florida.

16.    During the time period at issue in this lawsuit, Defendant Comkowycz had operational control of GPCRS's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

17.    In addition, during part of the time period at issue in this lawsuit, Defendant Comkowyz had operational control of OCRC's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

18.    During the time period at issue in this lawsuit, Defendant Comkowycz was an "employer" as defined by the FLSA.

19.    The annual gross revenue of the Defendants was in excess of $500,000 per year during the time period at issue in this lawsuit.

20.    Notwithstanding, Defendants are subject to enterprise coverage under the FLSA pursuant to 29 U.S.C. sec. 203(s)(1)(B).

21.    At all material times, the Plaintiff was, and continues to be, a resident of Polk County, Florida.

22.    At all material times, Plaintiff was "engaged in commerce" as defined by the FLSA.

23.    At all material times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

24.    At all material times, Defendants were the Plaintiff's "employers" as defined by the FLSA.

25.    The additional persons who may become plaintiffs in this action are or where non-exempt therapist assistants employed by Defendants who worked in excess of

3

forty hours during one or more weeks during the time period at issue, but who did not receive pay at one and one-half times their regular rate for hour worked in excess of forty.

FACTS

26. Plaintiff was employed by Defendants as a therapy assistant.

27. Defendants' policy was to classify therapy assistants as "exempt" employees.

28. Therapy assistants should have been classified as "non-exempt" employees under the FLSA.

29. At various times, Plaintiff worked for Defendants in excess of forty hours within a work week.

30. Defendants failed to compensate Plaintiff at a rate of one and one-half times her regular rate for all hours worked in excess of forty hours in a single work week.

31. Plaintiff has retained The Brinson Firm to represent her in this litigation and has agreed to pay a reasonable fee for the firm's services.

COUNT I – RECOVERY OF OVERTIME
COMPENSATION

32. Plaintiff restates the allegations of paragraphs 1 through 31, above.

33. The Defendants have violated the FLSA by:

> a. Failing to compensate Plaintiff at one and on-half times her regular rate for all hours worked in excess of forty hours per week;
>
> b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

34. Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA.

4

35.    Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

36.    Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked in excess of forty hours per week.

37.    Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

38.    Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

39.    At all material times, Defendants failed to comply with the FLSA with respect to all other therapy assistants who worked in excess of forty hours a week and who were not paid one and one-half times their regular rate of overtime pay. These employees are entitled to similar relief.

## COUNT II – DECLARATORY JUDGMENT

40.    Plaintiff restates the allegations of paragraphs 1 through 31, above.

41.    Plaintiff and Defendants have a dispute pending concerning violations of the FLSA over which this Court has jurisdiction.

42.    This Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201-2202.

43.    The Defendants have violated the FLSA by:

      a.  Failing to compensate Plaintiff at one and on-half times her regular rate for all hours worked in excess of forty hours per week;

      b.  Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

44.    Plaintiff is entitled to declaratory relief.

45.    Plaintiff is entitled to overtime compensation.

46.    Plaintiff is entitled to an equal amount of liquidated damages.

47.    It is in the public interest to have these declarations of rights recorded.

48.    Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal dispute at issue.

49.    The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

50.    At all material times, Defendants failed to comply with the FLSA with respect to all other therapy assistants who worked in excess of forty hours a week and who were not paid one and one-half times their regular rate of overtime pay. These employees are entitled to similar relief.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in her favor against Defendants:

   a. Declaring, pursuant to 29 U.S.C. sec. 2201-2202, that the acts and practices complained of are in violation of the FLSA;

   b. Awarding Plaintiff and those similarly situated overtime compensation in the amount due for all time worked in excess of forty hours per work week;

   c. Awarding Plaintiff and those similarly situated liquidated damages in an amount equal to the overtime award;

   d. Awarding Plaintiff and those similarly situated reasonable attorney's fees and costs and expenses of litigation pursuant to 29 U.S.C. sec. 216(b);

   e. Awarding Plaintiff and those similarly situated pre-judgment interest; and

   f. Ordering any further relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted July 30, 2014.

J. Kemp Brinson
Fla. Bar No. 752541
The Brinson Firm
PO Box 582
Winter Haven, FL 33882
(863) 288-0234
kbrinson@brinsonfirm.com
Trial counsel for Plaintiff