## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KIMBERLY NGUYEN, on her own
behalf and on behalf of all similarly
situated individuals,

                          CASE NO.: 8:14-cv-1836-JSM-EAJ

       Plaintiff,

v.

OUR   CHILDREN'S   REHAB
CENTER, INC., a Florida non-profit
corporation,   GREATER   POLK
COUNTY   REHAB   SERVICES,
INC., a Florida corporation, HEIKE
REEVES,   individually,   and
SHARON   McMANUS
COMKOWYCZ, individually,

       Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, OUR CHILDREN'S REHAB CENTER, INC., ("OCRC")

Florida non-profit corporation, GREATER POLK COUNTY REHAB

SERVICES, INC., ("GPCRS") a Florida corporation (collectively referred to as

"Defendants"), HEIKE REEVES, ("Reeves") individually, and SHARON

McMANUS COMKOWYCZ, ("Sharon McManus") individually, pursuant to

1

Rule 8 of the Federal Rules of Civil Procedure, hereby file their Answer and Affirmative Defenses to the Complaint filed by Plaintiff, KIMBERLY NGUYEN ("Nguyen"), as follows:

## JURISDICTION

1.     Admitted for the purposes of jurisdiction only.

## PARTIES

2.     Admitted.

3.     Admitted that OCRC was a provider of pediatric therapy and rehabilitation services in educational, classroom and clinical settings.

4.     Admitted.

5.     Admitted.

6.     Admitted.   It is specifically denied that Nguyen was employed by GPCRS.

7.     Admitted that GPCRS was a provider of speech and language therapy services to acute care hospitals.

8.     Denied.

9.     Admitted.

10.    Denied.

11.     Denied.

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Admitted.

16.     Denied.

17.     Denied.

18.     Denied.

19.     It is admitted that OCRC and GPCRS are subject to the provisions of the Fair Labor Standards Act ("FLSA") and its applicable exemptions.   Any remaining allegations in paragraph 19 are denied.

20.     Denied.

21.     Without knowledge, therefore denied.

22.     Without knowledge, therefore denied.

23.     Admitted that Nguyen was employed by OCRC as a physical therapy assistant in an educational, classroom and clinical setting.   Any remaining allegations in paragraph 23 are denied.

24.    Admitted that Nguyen was employed by OCRC as a physical therapy assistant in an educational, classroom and clinical setting.    Any remaining allegations in paragraph 24 are denied.

25.    Denied.  It is specifically denied that a 29 U.S.C. § 216(b) collective action is maintainable.

## FACTS

26.    Admitted that Nguyen was employed by OCRC as a physical therapy assistant in an educational, classroom and clinical setting.    Any remaining allegations in paragraph 26 are denied.

27.    Denied.

28.    Denied.  Employment classification is determined on an individual basis dependent upon the distinct and particular job responsibilities of each employee.

29.    Denied.

30.    Denied.

31.    Without knowledge as to Nguyen's retention of or obligations to her counsel, therefore denied.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32.    Defendants reallege and incorporate herein their previous responses to paragraphs one (1) through thirty-one (31), above.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.   It is specifically denied that a 29 U.S.C. § 216(b) collective action is maintainable.

## COUNT II - DECLARATORY JUDGMENT

40.    Defendants reallege and incorporate herein their previous responses to paragraphs one (1) through thirty-one (31), above.

41.    Denied.

42.    The allegation in paragraph 42 is not a statement of operative fact, but rather a statement of law, therefore denied.

43.    Denied.

44.    Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

## DEFENSES

Having fully answered the Complaint, Defendants defend as follows:

### (First Defense- Fluctuating Work Week)

With respect to Nguyen's purported claims for unpaid overtime compensation, in the event that there is an ultimate determination that Nguyen is entitled to any overtime compensation that compensation is limited under the fluctuating work week doctrine.  Nguyen was employed on a salary basis and her hours of work which fluctuated from week to week. The salary was paid to her pursuant to an understanding with her employer that she will receive such fixed amount as straight time pay for whatever hours she was called upon to work in a workweek, whether few or many. Accordingly, in the event she worked any hours in excess of forty in a workweek, the compensation is limited to only the additional half-time pay.  See 29 C.F.R. §778.114.

### (Second Defense- Estoppel)

At the time Nguyen was employed, they specifically agreed to a methodology for regular and overtime compensation that satisfied the FLSA. Her employer reasonably relied on their acceptance of this pay arrangement to hire them and provide them with work.  Accordingly, she is now estoped from seeking additional compensation through this action.

### (Third Defense - Good Faith)

Any omission in the payment of overtime was committed in good faith and was based upon a reasonable belief of her employer that the omission was not a violation of the FLSA.  Accordingly, pursuant to 29 U.S.C. § 260, Nguyen is not entitled to recover any award of liquidated damages.

### (Fourth Defense- Deminimis Activities)

With respect to Nguyen's purported claims for unpaid overtime compensation, while it is denied any overtime compensation is due to Nguyen under the FLSA, in the event it is ultimately determined that Nguyen worked any hours in excess of forty in a workweek for non-exempt duties for which she was not paid, the work time that Nguyen claims was not included in determining the total hours worked was deminimis and/or constituted

insignificant portal activities and are not compensable under 29 U.S.C. §254(a)(1) and (a)(2).

### (Fifth Defense- Avoidable Consequences )

Nguyen had opportunities to properly report her own time or raise any claim of purported unpaid time and she should not be able to recover for her own avoidable consequences. Any failure by Nguyen to properly report her own time was avoidable by Nguyen. Additionally, Nguyen failed to report any claim for additional unpaid time and failed to provide her employer an opportunity to cure any purported omission of payment of overtime compensation. Nguyen should not be entitled to an award of damages from her employer for her own actions or inactions and she is precluded from any recovery, particularly any recovery of liquidated damages, under the doctrine of avoidable consequences.

### (Sixth Defense- Statute of Limitations)

The claims asserted by Nguyen in her Complaint are barred, in whole or in part, by the period of limitations set forth in 29 U.S.C. §255.

## (Seventh Defense -
## Failure to State a Claim Upon Which Relief Can be Granted -
## FLSA Claim Failure to Sufficiently Allege Overtime)

The Complaint fails to state the specific work weeks in which Nguyen allegedly worked over forty hours or provide any further basis for the claim that Nguyen is entitled to overtime compensation. Additionally, the Complaint fails to provide the alleged rate of pay for Nguyen or the number of overtime hours (or minutes) allegedly worked. As a result, the Complaint lacks sufficient definite statements as to the purported basis for a claim of unpaid overtime compensation or rate of pay and the Complaint should be dismissed.

### (Eighth Defense - No Right to Collective Action)

Nguyen's purported claims on behalf of herself and "others similarly situated" as alleged in the complaint is affirmatively precluded by 29 U.S.C. § 216(b) because no other employees have given consent in writing to become a party to the lawsuit. Accordingly, Nguyen is precluded from bringing this action on behalf of any party other than herself.

### (Ninth Defense - GPCRS, Reeves & Sharon McManus
### are Not Statutory Employers of Nguyen)

GPCRS, Reeves and Sharon McManus were not Nguyen's employers as that term is defined by the FLSA and applicable case law.

WHEREFORE, Defendants request that the Court dismiss Nguyen's Complaint with prejudice and award their costs incurred in defending this action.

DATED this 19th day of August, 2014.

*Jeffrey S. Dawson*
JEFFREY S. DAWSON (Trial Counsel)
Florida Bar No. 980366
Jeffrey S. Dawson, P.A.
P.O. Box 1111
Winter Haven, FL 33882-1111
Telephone: (863) 293-9600
Facsimile: (863)293-9611
Email: jdawson@jdawsonlaw.com
Attorney for Defendants,
Our Children's Rehab Center, Inc., Greater Polk County Rehab Services, Inc., Heike Reeves, and Sharon McManus Comkowycz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2014 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: J. KEMP BRINSON (kbrinson@brinsonfirm.com ), The Brinson Firm, P.O. Box 582, Winter Haven, FL 33882.

*Jeffrey S. Dawson*
Jeffrey S. Dawson

U:\MML\BJM\OCRC\FLSA Answer.1.0.wpd

10